UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOAN CHANDLER DOSS                                                                                           PLAINTIFF

v.                                          No. 2:19-CV-02112

ALLISON HARVELL and STATE
AUTOMOBILE MUTUAL INSURANCE
COMPANY                                                                                                   DEFENDANTS

**OPINION AND ORDER**

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) allows the parties to stipulate to the unconditional dismissal of an action. *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1078 (8th Cir. 2017). "[T]he entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." *Gardiner v. A.H. Robins Co., Inc.*, 747 F.2d 1180, 1189 (8th Cir. 1984). While the Rules explicitly allow unconditional dismissal, the Court is also implicitly authorized to allow conditional dismissal. For example, there is broad authorization for the Court to retain jurisdiction even in the case of a stipulation of dismissal if the parties agree to that retention. *See Kokonnen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994).

Though it is authorized to retain jurisdiction even after a stipulation of dismissal, this Court currently has no mechanism for putting that authorization into effect—no order was preemptively entered in this particular case allowing a conditional stipulation of dismissal, and there is no local rule or general order in this district allowing litigants to insert conditions that bind the Court to exercise its jurisdiction into stipulations of dismissal that do not require Court approval. If Rule 41(a)(1)(A)(ii) stipulations of dismissal are self-executing at the moment they are filed, and if what the parties filed here is a self-executing Rule 41(a)(1)(A)(ii) stipulation of dismissal, then dismissal has divested this Court of its limited subject matter jurisdiction over the dispute, and the Court

does not see how it can properly enter an after-the-fact order retaining jurisdiction to enforce a settlement agreement.

Of course, "the substance of a motion rather than the form of a motion is controlling." *BBCA, Inc. v. United States*, 954 F.2d 1429, 1431–32 (8th Cir. 1992). The parties here all signed and jointly filed a document styled "Joint Stipulation of Dismissal." (Doc. 35). Despite that label, the document clearly requests entry of an order from the Court dismissing this case with prejudice and retaining jurisdiction for 30 days to enforce the terms of the settlement. It is clear from the substance that the parties intend this to be a joint motion to dismiss under Federal Rule of Civil Procedure 41(a)(2), which allows dismissal "on terms that the court considers proper." The motion represents that the parties have settled the case and asks that the Court retain jurisdiction following dismissal only long enough to ensure that the settlement agreement has been fully performed. The Court considers dismissal on these terms proper.

IT IS THEREFORE ORDERED that the motion (Doc. 35) is GRANTED and this case is DISMISSED WITH PREJUDICE. The Court retains jurisdiction for 30 days to enforce the terms of the settlement agreement.

IT IS SO ORDERED this 14th day of October, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

2